# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

LAWRENCE HAYES,
ADC #149601                                                                                    PLAINTIFF

v.                                          4:20-CV-01291-LPR-JTK

COREY HAYNIE, *et al.*                                                                         DEFENDANTS

## ORDER

I have received Proposed Findings and Recommendations (PFR) from Magistrate Judge Jerome T. Kearney. (Doc. 21). Defendant Haynie has filed an Objection. (Doc. 22). No other party has filed an objection, and the time to do so has expired. I have carefully considered the PFR and the Objection. And I have conducted a *de novo* review of the record.

With respect to Mr. Hayes's monetary claims against all Defendants in their official capacities, I adopt the PFR as this Court's findings and decision in all respects. Those claims are barred by sovereign immunity, and summary judgment is therefore appropriate. With respect to the individual-capacity claims made against Defendants Johnson, Bell, and Gaskin, I similarly adopt the PFR as this Court's findings and decision in all respects. Because Mr. Hayes's claims against those defendants were not exhausted, summary judgment is appropriate.

With respect to the claim made against Defendant Haynie, things are a little more complicated. I adopt all factual findings made by the PFR related to the claim against Defendant Haynie. However, depending on how literally or loosely one reads the PFR's analysis, I am about to either clarify its reasoning or provide alternative reasoning for the same conclusion. In any event, I feel some additional discussion of the legal issue is warranted.

The applicable ADC policy clearly identifies "Disciplinaries" as "matters" that "are not grievable." (Doc. 15-2 at 3). If Mr. Hayes was grieving a "Disciplinary," then Haynie's position

in his Objection would be correct. *See* (Doc. 15 at 2). So, was he? It's a harder question than it appears. On one hand, Mr. Hayes was not expressly grieving that he had been incorrectly or improperly charged with or received a disciplinary. Mr. Hayes's grievance against Defendant Haynie was for excessive force, which in theory can be mutually exclusive from the "Disciplinaries" with which Mr. Hayes was charged and of which Mr. Hayes was partially convicted.[1] I understand this to be the PFR's position. That at least partially explains the difference between the instant recommendation and the outcomes in *Gatewood v. Demery*, No. 5:18-cv-14-BSM-JTK, 2018 WL 5798581 (E.D. Ark. Oct. 16, 2018), and *Halfacre v. Jones*, No. 5:11-cv-101-JLH, 2013 WL 4530202 (E.D. Ark. Aug. 26, 2013). The "bad investigation" and "false accusation" claims in *Gatewood* and the "retaliatory accusation" claim in *Halfacre* were more directly and inextricably linked to a "Disciplinary" than is the excessive force claim here.

On the other hand, Defendant Haynie's argument in his Objection is not without force. That's especially true because, in the context of this case, Mr. Hayes's grievance was essentially an alternative and competing account of the entire incident that gave rise to the "Disciplinaries" with which Mr. Hayes was charged and of which Mr. Hayes was partially convicted. In essence, the account of the incident Mr. Hayes set forth in his grievance form was also his defense to the "Disciplinary" charges and convictions. This is clear from the record. The underlying incident occurred on September 25, 2020. (Doc. 15-3 at 1). On September 30, Mr. Hayes filed the grievance. (Doc. 15-3 at 1). On October 2, he was convicted of three of the four Disciplinaries with which he was charged. (Doc. 15-5 at 2). On October 6, his grievance was denied because it was deemed to involve a disciplinary matter. (Doc. 15-3 at 3). It is not clear when Mr. Hayes

---

[1] In fact, when the grievance was first rejected, the prison employee who did so noted the existence of disciplinaries and wrote that the grievance "appear[ed] to be of a retaliatory nature." Ex. C to Defs.' Mot. for Summ. J. (Doc. 15-3 at 4). Perhaps it was retaliatory, but that doesn't make it a grievance of a disciplinary.

found out about the denial. In any event, on October 7, 2020, Mr. Hayes filed an Appeal of the Disciplinaries. (Doc. 15-7 at 1). The Appeal form asks inmates to explain "why the conviction should be reversed or modified." *Id.* Mr. Hayes answered this question with the exact same written statement he wrote in his grievance. *Compare id. with* Doc. 15-3 at 1. Mr. Hayes could have but chose not to exhaust this Disciplinary Appeals process.

Ultimately, I return to the language of ADC's grievance policy. It says, "the following matters are not grievable," and then provides a list: "Parole, Release, Transfer, Job Assignments unless in conflict with medical restrictions, Disciplinaries, Anticipated Events . . . ., Matters beyond the control of the Division of Correction . . . , Rejection of a Publication, [and] A grievance submitted by an inmate on behalf of another inmate." (Doc. 15-2 at 3). Given the structure of this section of the policy, the plainest and most natural meaning of the word "matters" in the introductory phrase is "things." What I mean to say here is that the word "matters" does not broaden the scope of each of the 9 things identified in the list. As I read the policy, it means that Mr. Hayes may not grieve a Disciplinary. The policy does not prohibit Mr. Hayes from grieving something like excessive force merely because that alleged excessive force was part of an incident that gave rise to a Disciplinary. And there's no textual reason that interpretation should change because the alleged excessive force also happens to be part of a defense to one or more Disciplinaries, at least where (like here) the Disciplinaries could all be proven true and the excessive force claim still be righteous.[2]

For the foregoing reasons, Mr. Hayes did not need to exhaust the appeal process on his disciplinary violations in order to bring his excessive force claim against Defendant Haynie. He

---

[2] Mr. Hayes was found guilty of Refusal to Submit to Testing, Insolence to a Staff Member, and Failure to Obey a Staff Member. (Doc. 15-5 at 2). He was found not guilty of Battery-Use of Force on a Staff Member. *Id.*

needed to exhaust the grievance process, which he was thwarted from doing. Therefore, I agree with the PFR that summary judgment should be denied as to Defendant Haynie.[3]

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment is GRANTED in PART and DENIED in PART.

2. The official-capacity-monetary claims against all Defendants are DISMISSED without prejudice.

3. All claims against Defendants Johnson, Bell, and Gaskin are DISMISSED without prejudice.

4. The individual-capacity claim against Defendant Haynie proceeds.

IT IS SO ORDERED this 29th day of June 2021.

                                            LEE P. RUDOFSKY
                                            UNITED STATES DISTRICT JUDGE

---

[3] I recognize this decision is in tension with some portions of *Gatewood* and *Halfacre*. I am not bound by those decisions, and I think some of what was said in those cases might have gone further than necessary.