**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

LAWRENCE HAYES,                                                           PLAINTIFF
ADC #149601

v.                                        4:20CV01291-LPR-JTK

COREY HAYNIE, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Lee

P. Rudofsky.   Any party may serve and file written objections to this recommendation. Objections

should be specific and should include the factual or legal basis for the objection.   If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

## DISPOSITION

**I.    Introduction**

Plaintiff Lawrence Hayes ("Plaintiff") is incarcerated at the Cummins Unit of the Arkansas Division of Correction ("ADC").    Plaintiff sued Lieutenant Corey Haynie, among other individuals, alleging violations of Plaintiff's constitutional rights.    (Doc. No. 2).    Only Plaintiff's excessive force claims against Defendant Haynie remain pending.[1]

Defendant Haynie filed a Notice with the Court explaining that Plaintiff has failed to provide any discovery responses despite the Court's Order to do so.    (Doc. Nos. 29, 34).    Rather that seeking dismissal on that ground, Defendant Haynie now has filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts on the merits of Plaintiff's claims. (Doc. Nos. 31-33).

Because Plaintiff had not responded, on November 9, 2021 the Court directed Plaintiff to file a response within 15 days.    (Doc. No. 36).    The Order cautioned Plaintiff that if he did not file a response, all of the facts set forth in Defendant Haynie's summary judgment papers could be deemed admitted, among other possible consequences.    (Id. at 1-2.)    Plaintiff still has not filed

---

[1]  Plaintiff's claims against Jarvis Bell, James Gaskin, and Antonio D. Johnson, Jr. already have been dismissed.   (Doc. Nos. 21, 25).

a response, and the time for doing so has passed.    After careful consideration, and for the reasons set out below, the Court recommends Defendant Haynie's Motion be granted.

## II.    Plaintiff's Complaint

Plaintiff sued Defendant Haynie in his personal and official capacities.    (Doc. No. 2 at 1-2).    According to Plaintiff, on September 25, 2020, Plaintiff advised several officers escorting inmate Corey Williams to Plaintiff's cell that he had been in a fight with Mr. Williams in the past and was trying to avoid another altercation with Mr. Williams.    (Id. at 4).    Plaintiff was told by officers to pack up.    (Id.).    Defendant Haynie was called, arrived at Plaintiff's cell, and insisted on Mr. Williams being placed in the cell with Plaintiff; Plaintiff disagreed.    (Id.).    Plaintiff alleges Defendant Haynie eventually entered Plaintiff's cell and hit Plaintiff "in [his] ribs [and] on top of [his] head until [Plaintiff] fell down on the floor hurting [his] back in the process."    (Id. at 5).    Plaintiff seeks damages, among relief.    (Id. at 11).

## III.    Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.    See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).    "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"    Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).    "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"    Id. at 1135.    Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.    Facts and Analysis

Plaintiff made an excessive force claim against Defendant Haynie in his personal and official capacities. Plaintiff's official capacity damages claims already have been dismissed. (Doc. Nos. 21, 25). Only Plaintiff's personal capacity excessive force claims against Defendant Haynie remain pending.

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Jackson v. Gutzmer, 866 F.3d 969, 974 (8th Cir. 2017). The core judicial inquiry in an excessive force claim is whether the force was used in a "good faith effort to maintain or restore discipline, or was instead used maliciously and sadistically to cause harm." Flemons v. Devane, 779 Fed. Appx. 423, 425 (8th Cir. 2019) (per curiam) (citing Wilkins v. Gaddy, 559 U.S. 34, 36-39 (2010)). In making this inquiry, courts consider: "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of the injury inflicted . . . ." Jackson, 866 F.3d at 974. Pain inflicted during a prison security measure is not cruel and unusual punishment

4

only because in hindsight the degree of force used for security purposes was unreasonable.   Ward v. Smith, 844 F.3d 717, 721 (8th Cir. 2016) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Rather, guards will liable only "if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically.'" Id. (internal citation omitted).   "Whether the force used was reasonable is 'judged from the perspective of a reasonable officer on the scene' and in the light of the particular circumstances."   Story v. Norwood, 659 F.3d 680, 686 (8th Cir. 2011) (quoting Graham v. Connor, 490 U.S. 386, 396-97 (1989)).

As an initial matter, Plaintiff has not responded to Defendant Haynie's Motion for Summary Judgment.   "All material facts set forth in the statement [of undisputed material facts] filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."   Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas.   Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion.   FED. R. CIV. P. 56(e).   Because Plaintiff has filed no response, all facts set out in Defendant Haynie's Statement of Facts (Doc. No. 33) are deemed admitted.    The relevant facts follow.

While Plaintiff claimed that he had been involved in a fight with inmate Williams before Mr. Williams was to be moved into Plaintiff's cell, the fight was not a matter of record—no staff knew of the fight.   (Doc. No. 33 at ¶ 2; Doc. No. 31-1 at 12:21-13:2).   When Mr. Williams was brought to Plaintiff's cell, Plaintiff refused officer orders and tried to tie a string around his cell door to prevent the officers from entering.   (Doc. No. 33 at ¶ 4; Doc. No. 31-2).   Plaintiff concedes that he grabbed Defendant Haynie by Defendant Haynie's shirt because Defendant Haynie was the first officer to enter Plaintiff's cell.   (Doc. No. 33 at ¶ 6; Doc. No. 31-1 at 17:16-

18:16, 20:1-5).    Plaintiff does not know if Defendant Haynie ever struck him.    (Doc. No. 33 at ¶ 8; Doc. No. 31-1 at 19:9-10).    Rather, because Plaintiff assaulted Defendant Haynie, Defendant Haynie and other officers took Plaintiff to the floor.    (Doc. No. 33 at ¶ 8; Doc. No. 31-2).

Plaintiff has not controverted any of the material facts offered by Defendant Haynie. Where, as here, Defendant Haynie has moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'"    Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted).    Plaintiff has not, however, met proof with proof to establish facts in dispute that would preclude partial summary judgment in Defendant Haynie's favor.    Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Plaintiff raised no factual dispute as to whether Defendant Haynie acted maliciously and sadistically in his actions toward Plaintiff.    Under these circumstances, I find no constitutional violation occurred.    Accordingly, Defendant Haynie's Motion should be granted.

## V.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendant Haynie's Motion for Summary Judgment (Doc. No. 31) be GRANTED;

2.    Plaintiff's claims against Defendant Haynie be DISMISSED with prejudice.

3.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED.

IT IS SO RECOMMENDED this 1st day of December, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE